UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON,

    Plaintiff,

vs.

C/O COLE, et al.,

    Defendants

Case No. 1:11 cv 01073 GSA PC

ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

AMENDED COMPLAINT DUE IN THIRTY DAYS

**I.**    <u>**Screening Requirement**</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Solano, brings this civil rights action against officials employed by the CDCR at Avenal State Prison. Plaintiff names as Defendants Correctional Officer (C/O) Cole and C/O Borla. The events at issue in this lawsuit occurred while Plaintiff was housed at Avenal.

Plaintiff alleges that on July 27, 2010, C/O Borla found Plaintiff guilty of refusing to accept a cellmate and willfully resisting or obstructing a peace officer in the performance of duty. Plaintiff alleges that C/O Borla deprived him of a fair hearing because the rules require that when two inmates are incompatible, they should not be forced to double cell. Plaintiff alleges that on

2

July 7, 2010, C/O Cole was aware that both inmates were incompatible, and the other inmate was in Administrative Segregation (AdSeg) for assaulting staff. Plaintiff specifically alleges that C/O Cole spoke to the other inmate, who told Cole that he was incompatible with Plaintiff. Plaintiff has since been transferred to CSP Solano. Plaintiff does not articulate a specific claim, but does make reference to the Eighth Amendment.

### A.    Eighth Amendment

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). A prisoner seeking relief for an Eighth Amendment violation must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). "Deliberate indifference" has both subjective and objective components. A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference." Farmer, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

Here, Plaintiff fails to allege facts from which an inference could be drawn that any of the named defendants knew of a specific harm to Plaintiff and disregarded that harm. Plaintiff concludes that defendants are liable because the other inmate told C/O Cole that he and Plaintiff were not compatible. That the other inmate was not, in Plaintiff's view, "compatible," does not enough, of itself, indicate that Plaintiff faced a specific harm. Plaintiff alleges that the other inmate was in AdSeg for assault on staff, and that he was participating in mental health treatment,

3

but he fails to allege any facts indicating that he presented a particular harm to Plaintiff. Plaintiff does not indicate what, if any, specific information Defendants were aware of that indicated that the other inmate was a particular threat to Plaintiff. The Ninth Circuit recently held that inmates of opposite gangs placed in a cell with each other, with nothing more, fails to satisfy the Eighth Amendment's standard that prison official must be aware of a specific risk to an inmate. Labatad v. Corrections Corp. of America, ___F.3d__ (9th Cir. May 1, 2013) 2013 WL 1811273. The facts alleged suggest that although Plaintiff did fear for his safety, there was no specific information that Defendants knew from which they could draw an inference that the other inmate posed a specific threat to Plaintiff. Plaintiff has not alleged that the other inmate was a documented enemy of Plaintiff's, or that there was some particular information that Defendants knew of and disregarded, other than Plaintiff's statement that they were not compatible.

Further, the Court notes that Plaintiff has failed to allege that he suffered any physical injury. In a constitutional tort, as in any other, a plaintiff must allege that defendant's actions caused him some injury. See Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 287-87 (1997). The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

**B.     Disciplinary Hearing**

Regarding any claim Plaintiff may have regarding the validity of his disciplinary hearing,

in <u>Edwards v. Balisok</u>, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In <u>Heck</u>, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of <u>Balisok</u>, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. <u>Heck</u>, 512 U.S. at 487; <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

    Here, the Court finds Plaintiff's allegations to be vague. Plaintiff makes a general allegation that his hearing was unfair. Where a protectable liberty interest exists, the Supreme Court has set out the following procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they relied on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. <u>Wolff v. McDonnell</u>, 418 U.S. at 418 U.S. 539, 556 (1974).

    Plaintiff has not alleged whether he suffered any loss of credits, or suffered any penalty that affected the length of his sentence, and, if so, whether he was deprived of any of the process described above. Any claim regarding Plaintiff's disciplinary hearing must therefore be dismissed.

5

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983. The Court will provide Plaintiff with the Opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 10, 2013**        /s/ **Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

7